# EXHIBIT A

Nancy Babick
vs.
Experian information solutions inc et. al.

ELECTRONICALLY FILED
2014 Aug 29 AM 10:24
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2014-CV-000806

**SUMMONS**

To the above-named Defendant/Respondent:

> Trans union LLC
> 555 w. adams street
> chicago, IL  60661

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> AJ Stecklein
> 748 Ann Ave
> Kansas City, KS 66101

within 21 days after service of summons on you.



Clerk of the District Court

**Documents to be served with the Summons:**

ELECTRONICALLY FILED
2014 Aug 29 AM 10:24
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2014-CV-000806

**In the District Court of Wyandotte County, Kansas**

| | |
|---|---|
| Nancy Babick<br><br>　　　　Plaintiff,<br>vs.<br><br>TransUnion, LLC,<br>Experian Information Solutions Inc.,<br>and<br>Equifax, Inc.<br><br>　　　　Defendant. | Case No.: _____<br>Division: _____<br><br>Chapter 60 |

# PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. Plaintiff is a resident of Kansas.

2. Defendant Equifax Inc. is a Georgia corporation.

3. At all times relevant hereto, Defendant Equifax Inc. (Equifax) was and is engaged in the business of credit reporting, all within Missouri.

4. Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

5. At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Missouri.

6. Defendant Experian is an Ohio corporation.

7. At all times relevant hereto, Defendant Experian was and is engaged in the business of credit reporting, all within Missouri.

8. At all times relevant hereto, Defendants was and is engaged in the business of credit reporting, all within Kansas.

9. On April 19, 2013, Plaintiff petitioned for relief in Chapter 13 of the United States Bankruptcy Code in case number 13-20971-12 in the District of Kansas.

10. Pursuant to that case, a debt alleged to be owed by City County Credit Union received a 0% of payment pursuant to the Chapter 13 plan which was confirmed by the Court.

11. Also pursuant to that case, several debts alleged to be owed by Shawnee Mission Medical Center received a 0% of payment pursuant to the Chapter 13 plan which was confirmed by the Court.

12. Nevertheless, reports of the full balance owed to City County Credit Union and Shawnee Mission Medical Center's debt continued to allow the incorrect balance due to be reported on Plaintiff's credit report and failed to note the Chapter 13 filing.

13. Other creditors who received a 0% of payment pursuant to the Chapter 13 plan accurately reported the status of their debts.

14. All Defendants reported both the bankruptcy filing and the accurate reporting of the other creditors, but allowed these debts to remain reported at the full balance in complete contradiction to the remainder of the credit report.

## Count I – Violations of the FCRA

Comes now Plaintiff and for Count I of her causes of action against the Defendants states and alleges to the Court as follows:

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

17. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

19. Defendants reported public bankruptcy records incorrectly when it reported a bankruptcy filing and reported some of the debts at a $0 balance pursuant to the bankruptcy while still allowing creditors to report balances due that would otherwise had been discharged in the bankruptcy.

20. Not having safeguards to prevent such unlawful reporting is not assuring a maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

21. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

22. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

    d.    Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,
ATTORNEYS FOR PLAINTIFF

/s/ A.J. Stecklein

A.J. STECKLEIN #16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
       mr@kcconsumerlayer.com